**HEARING DATE:**   April 7, 2020
        **HEARING TIME:**   11:00 AM
        **LOCATION:**        COURTROOM #4

**IN THE UNITED STATES BANKRUPTCY COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA (PHILADELPHIA)**

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 13 |
| | : | |
| REBECCA LIBERTY | : | |
| | : | PETITION NO.: 19-16253-AMC |
| DEBTOR | : | |

**MOTION FOR RELIEF FROM AUTOMATIC STAY TO PERMIT SUMMIT TRACE
APARTMENTS, LP TO PROCEED WITH AN EVICTION FOR
<u>99 SUMMIT TRACE ROAD, LANGHORNE, PA 19047</u>**

      Petitioner, Summit Trace Apartments, LP, by and through its attorney, Jénel R. Marraccini, Esquire, moves this Court for an Order granting Relief From the Automatic Stay provided for by 11 U.S.C. Section 362 and in support thereof avers the following:

      1.     The petitioner is Summit Trace Apartments, LP, a limited partnership organized under the laws of Pennsylvania and authorized to conduct business in Pennsylvania.

      2.     The Petitioner is the owner of the property located at 99 Summit Trace Road, Langhorne, Pa 19047 the premises the Debtor leased.

      3.     Rebecca Liberty, the Debtor in the above-entitled case under Chapter 13 of the Bankruptcy Code pending in this Court, has a residential lease with the Petitioner at the above listed addresses. A true and correct copy of the lease is attached hereto and incorporated herein as Exhibit "A."

      4.     On October 3, 2019, the above-named Debtor filed a Petition for Relief under Chapter 13 of the Bankruptcy Code in this court.

      5.     Section 362(D)(1) of the United States Bankruptcy Code provides:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
> (1)
> for cause, including the lack of adequate protection of an interest in property of such party in interest;

6. The Debtor has failed to pay post-petition rents, late fees, attorney's fees and court costs to Petitioner totaling $1,381.87.

7. The post-petition amount consists of March 2020 rental balance of $1,381.87.

8. A ledger showing these amounts is attached hereto and incorporated by reference as Exhibit "B."

9. In addition, due to Debtor's failure to pay the aforementioned post petition rent payments, Petitioner herein has had to incur $681.00 in legal fees and costs, which Debtor is responsible for in accordance with the parties' lease agreement.

10. The Debtor does not have the means of paying her rent and the Petitioner is without adequate protection.

11. Debtor continues to have the use of the premises "Rent-Free" and has no right to remain therein without paying rent.

WHEREFORE, Petitioner moves this Court for an Order Granting Relief from the Automatic Stay provided for by 11 U.S.C. Section 362 and permitting Petitioner to proceed with an action for possession of the leased premises.

Respectfully submitted,

COHEN MARRACCINI, LLC.

BY:  */s/ Jénel R. Marraccini*
JÉNEL R. MARRACCINI, ESQUIRE
Attorney for Petitioner
660 Second Street Pike

Southampton, PA  18966
(215)887-8100